IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| SAMUEL SAN MIGUEL,<br>Institutional ID No. 05687217<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL SEARCY, *et al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§   No. 5:25-CV-033-BV<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Samuel San Miguel moves for a temporary restraining order (TRO) and preliminary injunction, asking the Court to prevent Defendants from enforcing the secured management unit (SMU) policy. Dkt No. 16. at 1–2. He also requests the Court to prohibit the placement of restraints on him and to ensure his access to his legal materials. *Id.* at 2, 5–6. San Miguel has not consented to proceed before a magistrate judge, so the undersigned makes these findings, conclusions, and recommendation in accordance with the transfer order and 28 U.S.C. § 636(b). Dkt. No. 10. For the reasons explained below, the undersigned recommends that the United States District Judge **DENY** the motion without prejudice to San Miguel's right to request injunctive relief in the future should circumstances change.

**1.   Procedural Background**

The history of this case is recounted in a previous Court order. *See* Dkt. No. 22. Based on the Court's prior orders of vacatur, San Miguel's motion for TRO and

preliminary injunction remains pending.[1] Dkt. Nos. 16, 22. The motion seeks an order instructing "TCCC staff to not harm [San Miguel] physically and not to place restraints on [him] except in accordance with professional judgment." Dkt. No. 16 at 2. He asks the Court to "enjoin[] the TCCO Defendants and MTC Defendants from enforcing [the] current SMU policy[.]" *Id.* Further, San Miguel asserts that "Defendants have been uncooperative in providing [him] with discovery and have kept his legal materials from him [and] have blocked his access to the law library." *Id.* at 5 (cleaned up). He "asks [the] Court to order that his legal materials not be denied and be provided for." *Id.* at 6.

## 2. Legal Standards

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the Court to interfere with the administration of a state facility, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Prisoners and pretrial detainees are subject to "mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). And officials "must be free to take appropriate action" related to the safety and security of the facility, both for its residents and the personnel employed there. *Id.* at 547.

---

[1] Because San Miguel's notice of appeal of non-appealable orders does not divest the Court of jurisdiction, this Court retains jurisdiction in the matter. *See* Dkt. No. 22.

2

Although this standard applies directly to injunctions regarding state prisons and county detention centers, civilly committed persons like San Miguel are not prisoners, and their rights may differ from those of incarcerated persons. *See Bohannan v. Doe*, 527 F. App'x 283, 289–90 (5th Cir. 2013) (per curiam) (holding that the Prison Litigation Reform Act does not apply to civilly committed sex offenders because they "are not prisoners," in accord with other circuits); *In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005) (emphasizing that civil commitment "is a civil matter"). Even so, this Circuit and other courts have addressed civil-rights lawsuits from civilly committed individuals under the same substantive framework as similar suits brought by prisoners. *See, e.g., Smith v. Hood*, 900 F.3d 180, 186 (5th Cir. 2018) (citing *Youngberg v. Romero*, 457 U.S. 307, 316 (1982) for the proposition that due process rights that survive criminal incarceration "must also survive involuntary commitment"); *Miguel v. McLane*, No. 22-10517, 2024 WL 747232, at *5 (5th Cir. Feb. 23, 2024) (per curiam) (finding that magistrate judge did not err in applying the deliberate-indifference standard to an SVP's inadequate medical care claim). This Court thus evaluates the likelihood of San Miguel's success on the merits by applying the same standards to his case as would apply in a similar case brought by a prisoner.

Under these standards, facility administrators must be afforded deference in how they operate the institution. *Bell*, 441 U.S. at 547. Given this deference, courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.

3

1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or TRO, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;
2. A substantial threat of irreparable injury if the injunction is not granted;
3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and
4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue").

### 3. Analysis

First, San Miguel has not shown that he notified Defendants of his request for injunctive relief. For this reason alone, his motion should be denied. *See* Fed. R. Civ. P. 65(a)(1) (providing that a court "may issue a preliminary injunction *only* on notice to the adverse party" (emphasis added)); *King v. TDCJ*, No. 3:15-CV-1365-N-BH, 2016 WL 8671926, at *1 (N.D. Tex. Jan. 8, 2016) (recommending denial of plaintiff's request for preliminary injunction because he had not satisfied the notice requirement of Rule 65(a)). And although the Court may issue a TRO without notice to the adverse party, it may do so where: (1) "specific facts in an affidavit or a verified complaint clearly show that

4

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). San Miguel has not satisfied either element.

More importantly, San Miguel's vague allegations concerning Defendants' enforcement of the SMU policy and use of restraints fail to satisfy any of the elements required for a TRO or preliminary injunction, including the requirement that he show a substantial likelihood of success on the merits or a substantial threat of irreparable injury.[2] San Miguel has failed to produce adequate evidence demonstrating that the Court should interfere with the facility administrators' exercise of professional judgment, either in the daily operations of the facility or as to specific decisions such as placing him in the SMU. *See Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (per curiam) ("Classification of inmates is a matter of prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances."). Further, San Miguel undermines his own request for injunctive relief by admitting that he was placed in the SMU for violating the facility's rules. *See* Dkt. No. 16 at 3–4 (admitting that "Plaintiff was locked up [in the SMU] for being out of place . . . because he was talking to another TCCC client" and that "Plaintiff was accused of threatening an S.O. after he told the S.O. . . . 'I'll show you a federal case' in response to S.O.

---

[2] San Miguel's claims—involving allegations of unlawful use of force and unlawful conditions of confinement—remain *pending* judicial screening. *See* Dkt. Nos. 1, 5, 10. The undersigned has not yet determined whether such claims are barred by the statute of limitations.

threatening to write Plaintiff a case"), 5 (stating that "this is the 6th time [he] has been placed in SMU for simple rule violations" (cleaned up)).

San Miguel has also not shown a threat of irreparable injury based on his motion. He argues that "he is currently experiencing abuse of injury and deprivation of liberty in violation of his Fourteenth Amendment substantive due process rights." *Id.* at 5 (cleaned up). He also generally states that "TCCC leaves TCCC patients in SMU for months and even years at a time, which plaintiff will likely face absent review." *Id.* Based on this, San Miguel claims that he "fears for his personal safety [and] wellbeing and mental health." *Id.* at 2.

Irreparable harm must be concrete and non-speculative. *See Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) ("It is true that '[s]peculative injury is not sufficient [for showing of irreparable harm]; there must be more than an unfounded fear on the part of the applicant." (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985))); *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) ("A plaintiff must allege specific facts to support a finding of irreparable injury." (internal quotation marks and citation omitted)). San Miguel's conclusory and vague allegations that he fears for his physical and mental well-being are insufficient to demonstrate that he faces a substantial threat of irreparable injury.

Regarding his request for access to legal materials, San Miguel has again not demonstrated a substantial likelihood of success on the merits or irreparable harm. To prevail on an access-to-courts claim, San Miguel must show that TCCC officials denied

6

him access to the courts and that such a deprivation prejudiced him. *See Bohannan v. Griffin*, No. 4:11-CV-299-A, 2016 WL 3647625, at *13 (N.D. Tex. June 30, 2016) (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)). That is, San Miguel must plead facts demonstrating "an actual injury arising from this purported denial." *Day v. Seiler*, 560 F. App'x 316, 319 (5th Cir. 2014) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 356 (1996)).

San Miguel has not provided sufficient evidence that Defendants are restricting his access to the courts. Since moving for a TRO and preliminary injunction, he has filed multiple documents and has indicated in his filings that he has been receiving the Court's orders. *See generally* Dkt. Nos. 19–21. In a subsequent motion, San Miguel said that two days after moving for a TRO and preliminary injunction, he was "given half of his legal materials [and] was able to access [the] CPU law library and use his flash drive." Dkt. No. 20 at 1. San Miguel's filings fail to show that the purported lack of access to legal materials is causing him harm—e.g., that he has been unable to present his various claims or defenses. Moreover, the Court observes that since his placement in SMU, San Miguel has filed at least one document that was created using a word processor. *See* Dkt. No. 19. It thus appears that San Miguel has some access to a word-processing device.

In short, San Miguel's motion and supporting filings contain nothing more than conclusory allegations that do not demonstrate a substantial likelihood of success on the merits of his claims or irreparable harm. He thus fails to carry his burden for issuance of a TRO or preliminary injunction.

### 4. Recommendation

The undersigned **RECOMMENDS** that the United States District Judge **DENY** San Miguel's motion for TRO and preliminary injunction. Dkt. No. 16. Once this FCR has been docketed, the Clerk is **DIRECTED** to refer it to the Honorable James Wesley Hendrix, United States District Judge, for final disposition of San Miguel's motion.

### 5. Right To Object

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 3, 2025.

*Amy Burch*
**AMANDA 'AMY' R. BURCH**
**UNITED STATES MAGISTRATE JUDGE**